**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLOTTE WEATHERFORD and ANN WEATHERFORD, a minor child,

    Plaintiffs,

    v.

NEVADA RURAL HOUSING AUTHORITY, HEIDI FETTIC, TERRY SMITH, and KIMBERLY MCGEE,

    Defendants.

3:10-cv-729-RCJ-VPC

**ORDER**

Currently before the Court are a Motion to Dismiss Claims of Minor Child (#25) and a Motion for Arbitration on Neutral Grounds (#32). The Court heard oral argument on October 25, 2011.

**BACKGROUND**

In March 2011, Plaintiff Charlotte Weatherford ("Weatherford"), *pro se*, filed a complaint on behalf of herself and her minor daughter, Ann Weatherford ("Ann"). (Compl. (#5) at 1). In the complaint, Weatherford sued the Nevada Rural Housing Authority ("NRHA"); Heidi Fettic, a rental assistance manager; Terry Smith, a rental assistance director; and Kimberly McGee, a case worker (collectively "Defendants"). (*Id.* at 1-2). Weatherford alleged the following in her complaint. (*Id.* at 3). In December 2008, she had "put in for a reasonable accomodation" which went unanswered. (*Id.*). She had asked for three informal hearings but all were denied. (*Id.*). There was mold in her house from November 2009 and on. (*Id.*). In March 2010, Weatherford's voucher was taken away from her after she had refused to sign a paper giving up her rights to file an U.S. Department of Housing and Urban Development ("HUD")

complaint. (*Id.*).

Weatherford alleged three causes of action in her complaint. (*Id.* at 4-6). In the first cause of action, Weatherford alleged that her civil rights had been violated pursuant to 42 U.S.C. § 3604(f)(3)(B). (*Id.* at 4). Specifically, in December 2008, Weatherford had put in a request for a reasonable accommodation to the NRHA. (*Id.*). Fettic did not give her the accommodation or a denial letter. (*Id.*). In January 2010, Weatherford put in for two other reasonable accommodations that Fettic later sent to Weatherford's doctor. (*Id.*). The doctor misunderstood the accommodation for Ann, who had asthma. (*Id.*). The doctor found that Weatherford and Ann did not have a disability because they had allergies and asthma. (*Id.*).

In her second cause of action, Weatherford alleged that her civil rights had been violated pursuant to 42 U.S.C. § 3617. (*Id.* at 5). Specifically, in March 2010, Fettic asked Weatherford to sign an agreement whereby Weatherford would waive her right to file any additional grievances or complaints with HUD. (*Id.*). Smith had suspended Weatherford's voucher when Smith discovered that Weatherford had filed a complaint with HUD. (*Id.*). In November, Weatherford had mailed a certified letter to NRHA about the mold but had received no response. (*Id.*). She had also emailed Fettic and McGee about the mold but no action was taken. (*Id.*).

In her third cause of action, Weatherford alleged that her civil rights had been violated pursuant to 24 C.F.R. § 982.555(a)(1)(iv). (*Id.* at 6). Specifically, in September, October, and November 2009, Weatherford had put in a request for informal hearings. (*Id.*). Fettic had denied all of the hearings for a reasonable accommodation for a larger room size based on a disability. (*Id.*). Fettic did not issue a denial letter. (*Id.*).

## DISCUSSION

### I. Motion to Dismiss Claims of Minor Child (#25)

Defendants file a motion for an order dismissing the purported claims of Ann on grounds that she is incompetent to appear in the matter without the appointment of a legal representative and legal counsel. (Mot. to Dismiss (#25) at 1). They assert that because Weatherford is not a licensed attorney she cannot act on behalf of the minor. (*Id.*).

2

1    In response, Weatherford states that Ann is a minor but requests that Ann stay in the case because she is a member of the family who is named on the housing voucher and she was also denied a reasonable accommodation to move from a moldy dwelling. (Resp. to Mot. to Dismiss (#29) at 1). Weatherford requests that the Court appoint Ann legal representation. (*Id.* at 2).

In reply, Defendants suggest that the Court appoint Weatherford as Ann's guardian ad litem and then provide Weatherford a reasonable period of time to obtain legal representation for Ann. (Reply to Mot. to Dismiss (#30) at 1-2). Defendants suggest that, if counsel does not appear for Ann within the authorized time, the Court dismiss her from the case. (*Id.* at 2).

Pursuant to Federal Rule of Civil Procedure 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." *Id.* "A guardian ad litem is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit and to prosecute, control and direct the litigation." *Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955). However, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

The Court now appoints Weatherford as Ann's guardian ad litem. The Court grants Weatherford 60 days to obtain counsel for Ann. As discussed at oral argument, if Weatherford cannot find an attorney to represent Ann within 60 days, the Court will dismiss the claims of the minor child. As such, the Court denies Defendants' motion to dismiss claims of minor child (#25) at this time.

**II.    Motion for Arbitration on Neutral Grounds (#32)**

Weatherford files a motion that appears to ask for arbitration as an alternative to settle the matter between the two parties. (Mot. for Arbitration (#32) at 1). Weatherford requests that the arbitration be held on "neutral grounds." (*Id.*). At oral argument, Defendants stated that they were not ready to engage in settlement discussions at this time. At oral argument,

3

Weatherford requested that her deposition be held closer to her home in South Lake Tahoe. As discussed on the record, the Court denies this request and the Motion for Arbitration on Neutral Grounds (#32).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss Claims of Minor Child (#25) is DENIED.

IT IS FURTHER ORDERED that Charlotte Weatherford is appointed as Ann Weatherford's guardian ad litem.

IT IS FURTHER ORDERED that Charlotte Weatherford has 60 days from the date of oral argument to obtain counsel for Ann Weatherford.

IT IS FURTHER ORDERED that the Motion for Arbitration on Neutral Grounds (#32) is DENIED.

Dated this 4th day of November, 2011.

_____
United States District Judge